**WILLINGHAM v. JONES et al.**

No. 20079. Opinion Filed Nov. 10, 1931.

J. S. Severson and T. B. Latham, for plaintiff in error.

T. J. Flannelly, Paul B. Mason, and Hughes & Ellinghausen, for defendant in error Prairie Oil & Gas Company.

Thrift & Davenport, for defendant in error B. B. Jones.

John Rogers and Thrift & Davenport, for defendant in error McMan Oil Company.

Edward H. Chandler, Summers Hardy, Robert Imler, Wm. O. Beall, and Thrift & Davenport, for defendant in error Sinclair Oil & Gas Company.

CLARK, V. C. J. This action was commenced in the district court of Creek county by plaintiff in error herein against the defendants in error herein, for ejectment, cancellation of conveyances, for accounting, and to quiet title to a one-third interest in the lands described in the petition; and the parties, appearing here as they appeared in the trial court, will be referred to as plaintiff and defendants.

The plaintiff alleged in her petition as to the contentions presented in brief of plaintiff in error, all other allegations in petition being waived where not presented and argued in brief, in substance:

That she is an adult full-blood unenrolled Creek Indian, being now about 21 years of age, having been born about February 12, 1907. Plaintiff claimed to be the owner of an undivided one-third interest in and to the lands described in the petition by reason of being the daughter of Emma Darrisaw, Creek Roll No. 7246, who died in McIntosh county on or about November 8, 1908, and left as her sole and only heirs at law, Doc Willingham, her husband, a full-blood Creek Indian, enrolled opposite roll No. 1355, and two children, Julia Willingham, the plaintiff, and Tootie Riley, a daughter, N. B. Creek 950, and that each took an undivided one-third interest in said lands. That at the time of the death of Emma Derrisaw, mother of plaintiff, she left as a portion of her surplus allotment from the Creek Nation the lands described in the petition, and that her restrictions had not been removed by the Secretary of the Interior, and that she died seized with the said lands, and died intestate.

That in probate case No. 1379, in McIntosh county, Barney Derrisaw, as guardian of plaintiff, filed petition to sell the undivided one-third interest of plaintiff, then a minor, in said land; that the next of kin was Doc Willingham, the father; that service of notice to hear the petition to sell on the 3rd day of July, 1919, was served by R. D. Howe, who was then and there not the sheriff or deputy sheriff of McIntosh county, nor was he appointed by the court to make such service, but was a private individual; and alleged under the law that all process of the court, and that this was a process, must be served by the sheriff or by one specially appointed by the court, and that therefore the attempted service was void; hence all subsequent proceedings were void.

That in the order of court to hear said petition to sell the court struck out "To be published" and inserted the words, "To be posted and by personal service," and that the law then required that said order to hear petition should be published and personal service secured or mailed to the next of kin residents of that county, and that said notice to hear petition to sell was not published for two weeks as required by the statutes, and all subsequent proceedings therein were void.

Alleged that she was the owner of and entitled to the immediate possession thereof, adversely held by defendants, and that the deeds, oil and gas leases, and all other evidences of transfer of title by defendants growing out of and from said alleged guardian's deed are clouds upon plaintiff's title. That the interests of all defendants are inseparable, that they grow out of and from said alleged void guardian's deed.

Further alleged that there had been large quantities of oil and gas produced therefrom, and prayed for an accounting.

Prayed that plaintiff be decreed the owner of the ⅓ interest in said lands, and have decree canceling all conveyances of whatever kind or character as appear of record, and that may grow out of and emanate from the pretended guardian's deed; that title be quieted in plaintiff, and for possession.

Plaintiff made a part of and attached to her petition copy of the probate proceedings.

While the petition alleged that the service of notice to hear the petition to sell on the 3rd day of July, 1919, was served by R. D. Howe, the exhibit attached to the petition shows the date of said service the 31st day of July, 1911, and the probate proceedings as shown by the exhibits to the petition were had in 1911, and the date shown in the exhibits control over the date shown in the petition, and in considering the law applicable to this case we will consider the proceedings as of the date shown in the exhibits.

The petition of plaintiff was filed on the 11th day of April, 1928.

The defendants filed separate demurrers on the grounds that the petition of plaintiff failed to state facts sufficient to constitute a cause of action; misjoinder of causes of action; and that petition shows on its face that the causes of action, if any, are void by the statute of limitations.

The demurrers were sustained generally, to which plaintiff excepted, and declined to plead further, and elected to stand upon her amended petition, and defendants moved for judgment, which motion was sustained by the court, judgment was rendered for defendants, and the amended petition of plaintiff was ordered dismissed; to all of which plaintiff excepted, and in open court gave notice of appeal, and the plaintiff brings the cause here for review.

The law applicable to the probate proceedings in the case at bar with reference to notice of sales of real estate of a minor is section 10, ch. 65, Session Laws 1910, pages 117 and 118, which reads as follows:

"The county judge shall cause copies of said order to be posted up in three public places in the county, one of which shall be at the courthouse where said hearing is to be held, and personally served on or mailed to the next of kin of the ward and all persons interested in the estate of said ward, residing in the county, and to be mailed to all persons who are not residents of the county, with the postage prepaid, at least 14 days before the hearing of the petition. If the post office of any such person is unknown, a copy of the order must be published for two successive weeks in some newspaper published in the county, and the hearing of said petition shall not be less than 14 days from the date of the first publication of such notice; Provided, if written consent to making the order of sale is subscribed by all persons interested therein and the next of kin, said order of sale may be made at once, and without giving the notice provided for in this act."

The petition alleged that the next of kin was Doc Willingham, the father, and service was personally had on him of the order for hearing the petition to sell real estate of plaintiff, but was not had by a sheriff, or duly qualified deputy sheriff, or by a person appointed to make said service; and the exhibits to the petition disclosed that the order for hearing petition to sell real estate was personally served upon Doc Willingham, the father of plaintiff, by one R. D. Howe, on the 31st day of July, 1911, and the order set forth that said petition was set for hearing on the 31st day of August, 1911, which was more than 14 days before the date of the hearing; and there being no allegation in the petition that the father was not the custodian of plaintiff at the time of service thereof, the award is presumed to be in the care and custody of the father, the mother being dead.

The plaintiff contends that the subsequent proceedings of the sale were void for the reason that service was not had by a sheriff, or his duly qualified deputy, or by a person duly appointed to make such service. This contention is without merit under the holdings of this court in the case of Harrison v. Orwig, 149 Okla. 54, 299 P. 144, wherein this court in the seventh paragraph of the syllabus, said:

"Notice of hearing a petition for sale of real estate of a minor in guardianship proceedings is not 'process' within the meaning of sections 862 and 1086, C. O. S. 1921."

The notice served upon Doc Willingham, the father and next of kin, and the ward, plaintiff herein, being presumed to be in the care and custody of her father, the mother being dead, was sufficient and complied with the law, and was not required to be served by a sheriff, or his duly qualified deputy, or person duly appointed by the court to make such service.

The next contention of plaintiff in error, that notice of the hearing of such petition was not published for the statutory length of time, is also without merit, as the law applicable to the procedure did not require copy of the order to be published except in

cases where the post office address of the next of kin of the ward and all persons interested in the estate of the ward was unknown; and 'in the case at bar the petition alleged and the exhibits to the petition show that the father and next of kin of the ward was personally served. The petition does not allege that there was any next of kin or persons interested in the estate other than Doc Willingham, the father, and that he was personally served.

The question of proper service of the order for hearing petition to sell the real estate, and the question of publication thereof, were the only contentions presented by plaintiff in error in her brief affecting the probate proceedings.

The statute of limitations was pleaded in this cause, and presented by plaintiff in error and defendants in error at length in their briefs; however, in view of what we have herein said, it is not necessary to consider that question.

The judgment of the trial court is in all things affirmed.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., dissents. SWINDALL, J., absent.